# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Trustees of the SOUTHWEST MULTI-CRAFT
HEALTH & WELFARE TRUST FUND, et al.,

      Plaintiffs,

      v.                                      CIV. NO. 07-337 MCA/ACT

IAP WORLD SERVICES, INC. f/k/a,
JOHNSON CONTROLS WORLD SERVICES,
INC., a Florida corporation, et al.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Defendants IAP

Northern New Mexico, LLC, IAP World Services, Inc. and Johnson Controls Northern New Mexico,

LLC to Respond to Discovery Requests and to Overrule Objections filed May 6, 2008 [Doc. 97].

Upon review of the pleadings and being otherwise advised in the premises, the Court finds that

Plaintiff's Motion is well taken in part.

### Requests for Production.

Defendants assert they have "produced all documents responsive to Plaintiffs' Interrogatories

and Requests for Production currently in their possession and control." Response at 3. Defendants

further state that  they "are not aware, at this time, of any documents withheld due to the attorney-

client privilege or work production doctrine." *Id*. at 3-4. The Court cannot compel the Defendants

to produce documents that do not exist or are not in their possession and control. Plaintiffs' Motion

to Compel will be denied as to any further document production. However, Defendants are reminded

of their duty to supplement their initial disclosures and discovery requests pursuant to Federal Rule

of Civil Procedure 26(e). Defendants are further warned that any documents not produced as part

of their initial disclosures or in response to discovery requests may not be used or admitted into evidence at trial if the Court determines they were not properly disclosed or produced.

**Interrogatories.**

Interrogatory No. 2 requests Defendants to "state in detail the legal and financial relationship, including responsibility for debts and obligations, of and between, Defendant IAP, Johnson Controls, and IAPNNM from 2000 to the present." Defendants responded by stating in part that IAP World Services, Inc. holds 75 % ownership interest in IAPNNM and that the responsibility of IAPNNM's debts and obligations lies solely with its members." "IAPNNM's performance under the underlying Subcontract with the University of California, Los Alamos National Laboratory, ended on January 26, 2003. This subcontract is currently in close-out. Defendants argue they do not need to disclose who holds the remaining 25% interest and the party or parties responsible for payment of obligation incurred during the time of the subcontract or close-out period because this is beyond the scope of the original request and untimely as discovery is over. Defendants' reasoning is without any factual or legal basis. The Court will order Defendants to fully respond to Interrogatory No. 2.

Interrogatory No. 3D, 3E, 3F, 3G, 3H, 3I, 3J, 3L, 3M requests the basis for Defendants various affirmative defenses. Defendants assert that their brief responses are sufficient.

Federal Rule of Civil Procedure 33(a)(2) specifically allows contention interrogatories. *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 544 (D. Kan. 2006) (Requests for opinions or contentions that call for the application of law to fact – "contention interrogatories"--are proper.) Moreover, as discovery has concluded, there is no basis to argue that these requests for discovery are premature. The Court will compel the Defendants to fully respond to these interrogatories.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendants IAP Northern New Mexico, LLC, IAP World Services, Inc. and Johnson Controls Norther New Mexico, LLC to Respond to Discovery Requests and to Overrule Objections is granted in part and Defendants will respond as outlined herein within twenty (20) days of entry of this Order.

**ALAN C. TORGERSON**
**United States Magistrate Judge**

3